UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIE C. S.,[1]

                      Plaintiff,                  **DECISION AND ORDER**

v.                                                             1:21-cv-1093-JJM

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [7, 8].[2] The parties have consented to my jurisdiction [10]. Having reviewed their submissions [7, 8, 9], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

The parties' familiarity with the 768-page administrative record [6] is presumed. On August 13, 2019, plaintiff protectively filed an application for Supplemental Security Income ("SSI"), alleging an onset date of August 1, 2019. Administrative Record [6] at 15, 61. In addition to several physical ailments, plaintiff complained of bipolar disorder and anxiety. Id. at

---

[1] In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2] Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

62-63. Plaintiff's claim was initially denied, and was again denied upon reconsideration. Id. at 15, 71, 89.

Consultative examiner Susan Santarpia, Ph.D., conducted a psychiatric evaluation of plaintiff on June 26, 2020. Id. at 670-74. Plaintiff reported to Dr. Santarpia being unable to work due to "neck and back [pain], migraines, [and] seizures". Id. at 670. Plaintiff reported diagnoses of anxiety and bipolar disorder, but that she discontinued treatment in 2019 and did not wish to resume. Id. She reported being irritable and having short-term memory problems. Id. at 671.

Dr. Santarpia assessed plaintiff as cooperative and her behavior appropriate during the exam. Id. Plaintiff's speech and though processes were normal. Id. Her affect, mood, faculties, and orientation were all appropriate. Id. at 672. Dr. Santarpia assessed plaintiff as mildly impaired in the abilities of attention and concentration. Id. She further assessed her memory skills as fair, her cognitive function as average to low, her insight and judgment as fair. Id. Plaintiff was able to care for herself and handle the basic activities of daily living. Id. Dr. Santarpia indicated diagnoses of unspecified depressive disorder and generalized anxiety disorder with panic attacks. Id. at 673. She opined that plaintiff would be able to handle the basic mental demands of employment, but that she would have a "mild impairment" in regulating emotions, controlling behavior, and maintaining well-being. Id. She further opined that these limitations "do[] not appear to be significant enough to interfere with the claimant's ability to function on a daily basis". Id.

Administrative Law Judge ("ALJ") Dale Black-Pennington conducted a telephone hearing on December 3, 2020. Id. at 15, 33-55. Plaintiff was represented by an attorney. Id. at 15. At the hearing, plaintiff testified that she was disabled because of her "neck and [her] back".

Id. at 41-42. She denied having any mental health conditions that limited her ability to work. Id. at 42. She indicated that she was last seen by a mental health professional in 2018. Id. She lived by herself and managed household tasks. Id. at 39, 44. A vocational expert testified that there were unskilled jobs in the national economy that would accommodate plaintiff's physical limitations, such as shelving clerk, small products assembler, and cafeteria attendant. Id. at 50-51. Such jobs would have an off-task tolerance of 10-15%. Id. at 51.

ALJ Black-Pennington issued a Notice of Decision denying plaintiff's claim on February 5, 2021. Id. at 15-25. He found that plaintiff had the following severe impairments: arthritis, asthma, chronic obstructive pulmonary disease, degenerative disc disease in the lumbar spine, epilepsy with a remote history of seizures, and kidney disease. Id. at 17. He found Dr. Santarpia's opinion "persuasive" and consistent with the medical evidence. Id. at 18. He assessed plaintiff with mild limitations in understanding, remembering, or applying information, as well as in adapting or managing oneself, and no other mental limitations. Id. at 18-19. He concluded that plaintiff did not have a "severe medically determinable mental impairment because the evidence of record shows no more than a 'mild' limitation in any of the four function areas". Id. at 19 (*citing* 20 CFR 404.1520a(d)(1); 416.920a(d)(1)).

ALJ Black-Pennington determined that plaintiff retained the residual functional capacity ("RFC") to perform light range of work, except that she could lift and carry 20 pounds occasionally and 10 pounds frequently; could stand and walk for six hours per eight-hour workday; sit for six hours per eight-hour workday; frequently climb stairs and ramps, stoop, kneel, crouch, and crawl; occasionally climb ladders, ropes or scaffolds and balance. Id. at 19. He further determined that plaintiff should avoid various occupational hazards, such as respiratory irritants, unprotected heights, industrial vibrations, and heavy moving mechanical

parts and machinery. Id. After finding plaintiff had no past relevant work experience, ALJ Black-Pennington determined that she could perform jobs that exist in significant numbers in the national economy, such as shelving clerk, small products assembler, and cafeteria attendant, and thus concluded she was not disabled under the Social Security Act. Id. at 24-25.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. __, 139 S. Ct. 1148, 1154 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. See Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff

bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      The ALJ's Decision Was Supported by Substantial Evidence.**

Plaintiff argues that ALJ Black-Pennington's RFC determination was unsupported by substantial evidence because it did not incorporate the limitations from Dr. Santarpia's opinion, *i.e.*, mild limitations in regulating emotions, controlling behavior, and maintaining well-being. [7-1] at 1, 6-9.  The Commissioner argues that ALJ Black-Pennington's decision adequately accommodates the limitations of record, and that any failure to expressly incorporate the mild mental limitations into the RFC determination is harmless error. [8-1] at 9-17. I agree with the Commissioner.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [her] determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ, not any medical source, is responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§404.1546(c), 404.1527(d)(2) and §§416.946(c), 416.927(d)(2); *see* Curry v. Commissioner of Social Security, 855 F. App'x 46, 48 (2d Cir. 2021) (Summary Order). As such, the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta v. Astrue, 508 F. App'x. 53, 56 (2d Cir. 2013) (Summary Order); *see* Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022). Ultimately, "[t]he question is . . . whether the ALJ's conclusion was 'supported by the record as a whole.'" Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (*quoting* Tricarico v. Colvin, 681 F. App'x 98, 101 (2d Cir. 2017) (Summary Order)).

The Social Security Administration evaluates the degree of mental limitations on a "five-point scale: None, mild, moderate, marked, and extreme". 20 C.F.R. §404.1520a(c)(4); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00(F)(2). A mild limitation means that "[a claimant's] functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited". 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00(F)(2)(b). Here, Dr. Santarpia opined that plaintiff had mild limitations in her ability to regulate emotions, control behavior, and maintain well-being. [6] at 673. ALJ Black-Pennington found Dr. Santarpia's opinion persuasive and, at step two, assessed plaintiff with mild limitations in "understanding, remembering, or applying information" and in "adapting or managing oneself". Id. at 19.

However, "the limitations identified in the 'paragraph B' criteria [at step two] . . . are not an RFC assessment". SSR 96-8P, 1996 WL 374184, *4 (July 2, 1996). An RFC determination represents "the most [claimant] can still do despite [her] limitations". 20 C.F.R. § 416.945(a)(1); *see also* Barry v. Colvin, 606 F. App'x 621, 622 n. 1 (2d Cir. 2015) (Summary Order); SSR 96-8P, 1996 WL 374184 at *1 ("RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*") (emphasis in original). To that end, "[t]he RFC assessment considers only functional limitations and restrictions". SSR 96-8P, 1996 WL 374184 at *1.

Dr. Santarpia's opinion does not list any limitations or restrictions on plaintiff's ability to work in functional terms. On the contrary, she opines that these "psychiatric problems . . . do[] not appear to be significant enough to interfere with the claimant's ability to function on a daily basis". [6] at 673. ALJ Black-Pennington reiterates this statement verbatim in his decision. Id. at 18. ALJ Black-Pennington then went on to craft an RFC that included no explicit mental limitations. Id. at 19. Thus, this is not a case where the court is left without a logical

bridge connecting the evidence and the ALJ's conclusions or is otherwise unable to discern the ALJ's rationale. *Cf.* Jami S. v. Commissioner of Social Security, 2021 WL 614634, *3 (W.D.N.Y. 2021); Kimberly M. v. Commissioner of Social Security, 2020 WL 6947346, *2 (W.D.N.Y. 2020). Rather, it is clear that ALJ Black-Pennington considered Dr. Santarpia's opinion as a whole and concluded that there were, effectively, no functional mental limitations. This is consistent with a record in which plaintiff herself repeatedly denied having any mental limitations that affected her ability to work. [6] at 42 (hearing transcript), 670 (Dr. Santarpia's opinion). Having discerned ALJ's Black-Pennignton's reasonable interpretation of the evidence, this court is obliged to defer to it. *See* Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) ("[u]nder this very deferential standard of review, once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise").

Furthermore, "[u]ltimately it is [p]laintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ." Beaman v. Commissioner, 2020 WL 473618, *6 (W.D.N.Y. 2020).  Plaintiff highlights the vocational expert's testimony that the jobs he proffered have a 10-15% off-task tolerance ([7-1] at 7), but she points to nothing in the record that would necessitate or even suggest that she required greater accommodation than that. On the contrary, mild mental limitations are generally considered to be consistent with a limitation to unskilled work. *See*, *e.g.*, Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) ("[n]one of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and . . . the ALJ's determination that Petitioner could perform her previous unskilled work was well supported"); Kevin D. v. Kijakazi, 2023 WL 8436638, *3 (W.D.N.Y. 2023) ("the jobs identified by the vocational expert in response to the ALJ's hypothetical were all unskilled positions, able to accommodate mild or moderate mental

limitations"); German v. Commissioner of Social Security, 2020 WL 5899521, *11 (S.D.N.Y. 2020) ("substantial evidence supports the ALJ's determination that Plaintiff 'can perform a wide range of unskilled work'"); Duffy v. Commissioner of Social Security, 2018 WL 4376414, *18 (S.D.N.Y. 2018) ("[m]ild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work").

Finally, to the extent ALJ's Black-Pennington's omission of any discussion of plaintiff's mild mental limitations in his RFC formulation is technical error (see Parker-Grose v. Astrue, 462 F. App'x 16, 18 (2d Cir. 2012) (Summary Order) ("[an] RFC determination must account for limitations imposed by both severe and nonsevere impairments"), it is harmless in this context. See Kevin D., 2023 WL 8436638 at *2-3 ("[e]ven assuming *arguendo* that the ALJ had erred in failing to include limitations to account for plaintiff's mild impairments in the areas of understanding, remembering, and applying information, interacting with others, and/or adapting or managing himself, . . . the jobs identified by the vocational expert in response to the ALJ's hypothetical were all unskilled positions, able to accommodate mild or moderate mental limitations . . . . Accordingly, the ALJ's failure . . . would . . . be harmless error"); Sherman v. Commissioner of Social Security, 2015 WL 5838454, *5 (N.D.N.Y. 2015) ("[w]hile the ALJ did not expressly mention Sherman's non-severe impairments in his Step 4 analysis, this omission would be at most harmless error absent evidence that these impairments contributed to any functional limitations").

-9-

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [8] is granted, and plaintiff's motion [7] is denied.

**SO ORDERED**.

Dated: March 5, 2024

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge
